CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

SEP 15 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 3:04-cr-00040 |
| | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | By: Hon. Norman K. Moon |
| BARBARA MAY BLACKWELL. | ) | United States District Judge |

This matter is before the court on pro se defendant Barbara Blackwell's "Motion to the Honorable Judge to Disqualify Himself from Defendant's Case Prior to her [§] 2255 Decision" [Docket #152]. In her motion, Blackwell first alleges that the undersigned cannot be impartial because he was misled during her sentencing hearing by perjurious testimony from Beekman Beavers, FBI Agent Jane Collins, and Victoria Ghee. Blackwell further alleges that the undersigned cannot be impartial because Blackwell's counsel told her that the undersigned told Blackwell's counsel that "I remember [Blackwell] and I don't like her." After reviewing this motion and the applicable laws, the court finds that Blackwell's motion is without merit and untimely. Therefore, the court will deny her motion.

I.

Two federal statutes govern judicial recusal: Section 144 and Section 455 of Title 28 of the United States Code. Section 144 requires the petitioner to file an affidavit and a certificate of counsel of record stating the claim is made in good faith; Section 455 is self-activating and does not require such procedural steps. Since Blackwell did not follow the procedural requirements of Section 144, this court construes her motion for recusal under Section 455. See Givens v. O'Quinn, No. 2:02cv00214, 2005 U.S. Dist. LEXIS 31597, at *5-6 (W.D. Va. Dec. 7, 2005)

(determining recusal under § 455 since plaintiff did not file an affidavit or certificate required by § 144) (citing <u>Liljeberg v. Health Svcs. Acquisition Corp.</u>, 486 U.S. 847, 871 n.3 (1988) (Rehnquist, C.J., dissenting) (same); <u>Kidd v. Dalkon Shield Claimants Trust</u>, No. 3:96cv642, 1996 U.S. Dist. LEXIS 21735, *4 (E.D. Va. Sept. 13, 1996) (same)).

## II.

A.      Absence of Requisite Bias or Partiality

Blackwell's motion fails as a matter of law as she has not shown adequate bias or partiality to support recusal. A United States judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (2008). A judge must also disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." <u>Id.</u> at (b)(1). Partiality requires an apparent wrongful or inappropriate disposition toward a party. <u>United States v. Gordon</u>, 61 F.3d 263, 267 (1995) (<u>citing</u> <u>Liteky v. United States</u>, 510 U.S. 540, 552 (1994)). Bias requires "a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, . . . rests upon knowledge that the subject ought not to possess[,] . . . [or] is excessive in degree . . . ." <u>Liteky</u>, 510 U.S. at 550 (original emphasis). Bias or partiality, however, are not "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." <u>Id.</u> at 555-56.

Alleging bias or prejudice of a judge's views or rulings that arise from facts or events of current or prior proceedings is an insufficient basis for recusal unless the opinions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." <u>Id.</u> at 555.

2

See Berger v. United States, 255 U.S. 22, 28-29 (1921) (recusing federal judge from trial for stating, "One must have a very judicial mind, indeed, not be to prejudiced against the German Americans in this country. Their hearts are reeking with disloyalty."). Even remarks made "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Liteky, 510 U.S. at 555. Additionally, a judge is not required to recuse himself simply "because of unsupported, irrational, or highly tenuous speculation[.]" United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998) (citation omitted).

All of Blackwell's grounds for recusal stem from court proceedings and evidence, and the law is clear that judicial viewpoints arising from court proceedings are not a sufficient basis for recusal. The undersigned's only knowledge of Blackwell comes from her guilty plea hearing for two counts of wire fraud, her sentencing hearings, and her filings with this court. Even if Blackwell's second allegation was true, the sole reason that the undersigned allegedly may be "ill-disposed" toward Blackwell after hearing damaging evidence is not a sufficient basis for recusal. Likey, 510 U.S. at 550-51. Absent a reasonable basis for questioning the undersigned's impartiality, it is improper for the undersigned to recuse. United States v. Glick, 946 F.2d 335, 336-37 (4th Cir. 1991). Accordingly, the court will deny Blackwell's motion.

B. Timeliness

Moreover, the court finds that Blackwell's motion was not timely filed. Recusal motions must be filed by the earliest moment after the petitioner becomes aware of the applicable facts supporting disqualification. Satterfield v. Edenton-Chowan Bd. of Ed., 530 F.2d 567, 574-75 (4th Cir. 1975); see United States v. Owens, 902 F.2d 1154, 1156 (1990) (Timeliness "is explicit in [28 U.S.C.] § 144, ... [but] [i]t is judicially implied in [28 U.S.C.] § 455."). A party who could

3

assert recusal cannot keep that motion up his sleeve "to wait and decide whether he likes [any] subsequent treatment that he receives." In re United Shoe Machinery Corp., 276 F.2d 77, 79 (1st Cir. 1960). Timeliness depends on the facts and circumstances surrounding each case, and courts may dismiss untimely recusal motions. See, e.g., United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993) (two months untimely); United States v. Durrani, 835 F.2d 410, 427 (2d Cir. 1987) (four months untimely); Cameron v. General Motors Corp., No. 6:93-1278-6, 1994 WL 159408, at *6 (D.S.C. Feb. 28, 1994) (seven weeks untimely) (reversed on other grounds); In re Martin-Trigona, 573 F. Supp. 1237, 1244 (D. Conn. 1983) (twelve days untimely) (reversed on other grounds).

The alleged perjurious testimony of her first recusal ground occurred during her sentencing hearings on July 26 and October 17, 2006. Blackwell would have known of this alleged bias from perjurious testimony at the dates of the hearings two years ago, but Blackwell did not file her motion for recusal at that time. Blackwell also did not raise recusal for that testimony in her direct appeal to the Fourth Circuit Court of Appeals, in her Rule 33 motion for new trial, nor in her § 2255 motion to vacate. Therefore, ground one is untimely filed and is denied.

For her second ground, Blackwell's prior counsel knew of the alleged statement as of the December 20, 2007 conference call, but Blackwell did not file her motion for recusal until fourteen weeks later on April 4, 2008. Blackwell knew of the alleged statement by the latest at the time her counsel withdrew from representation on February 4, 2008 or by the earliest at the date of the conference call.

Blackwell filed other motions with this court during the interim, but she apparently

4

waited to see if she would like any subsequent rulings on her motions. Blackwell only filed this recusal motion after this court denied her motion for resentencing, granted her prior counsel's motion to withdraw, and denied her two motions to be released from custody during the pendency of her § 2255 motion to vacate sentence. Instead of raising this issue at the time she learned the facts, Blackwell waited eight weeks after her counsel withdrew and six weeks after filing her § 2255 motion to evaluate the court's opinions before seeking recusal regarding any alleged statements made during the conference call. Therefore, ground two is also untimely filed and is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the parties.

ENTER: This _15th_ day of September, 2008.

United States District Judge

5