CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

OCT 03 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 3:04-cr-00040 |
| | ) | |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| | ) | By: Hon. Norman K. Moon |
| BARBARA MAY BLACKWELL. | ) | United States District Judge |

Barbara May Blackwell, a federal inmate proceeding pro se, brings this timely motion

pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Blackwell contends

that she was convicted by perjurious testimony, the court erred by making findings of fact

without a jury, and counsel provided ineffective assistance. The United States filed a motion

to dismiss, and Blackwell filed a timely response. For the reasons that follow, the

undersigned will grant respondent's motion to dismiss.

## I.

On September 23, 2005, Blackwell pleaded guilty to two counts of wire fraud, in

violation of Section 1343 of Title 18 of the United States Code. Before sentencing, the

United States Probation Office (USPO) prepared a Presentence Report, to which Blackwell

noted several objections. She first objected to the characterization of Mr. Beekman Beavers

as a victim of Blackwell's fraud and the resulting attribution of his American Express

account ("AmEx account") and Nova Corporation merchant account ("Nova Account")

losses to Blackwell. Blackwell also objected to the USPO's recommendation of a two-level

enhancement for obstruction of justice based on Blackwell's failure to disclose three prior

civil judgments and to the recommendation that those judgments be countered as relevant

conduct. The government objected to the recommendation of a three-level reduction for

acceptance of responsibility. The government argued that Blackwell was not entitled to any reduction for acceptance of responsibility if the court accepted the USPO's recommendation for an obstruction of justice enhancement.

Over these objections, the USPO grouped the two counts of wire fraud and calculated a total offense level of 19 and a criminal history category of II, which resulted in a guideline range of 33-41 months imprisonment. Consistent with the guideline provisions, the USPO recommended 36 months imprisonment and 3 years of supervised release for each count, to be served concurrently, restitution of $260,326.09, and a $200 special assessment.

The sentencing hearing lasted two days. Both parties argued their objections, and Blackwell and Beavers testified. Blackwell testified that she used Beavers' AmEx and Nova accounts with his knowledge and permission, Beavers was fully aware that she was using the accounts for customers' travel purchases, and he was not a victim of her fraud. Beavers acknowledged that he had given Blackwell permission to use the Nova account and, on some occasions, permission to use the AmEx account. Beavers also testified that he had never given permission for any fraudulent AmEx charges, which resulted in the $61,000 loss attributed to Blackwell, and that he did not know that either account was being used for fraud. He further testified that he had to file for bankruptcy due, in large part, to losses on the AmEx and Nova accounts that were caused by Blackwell's fraudulent acts.

On October 17, 2006, at the conclusion of the second day of the sentencing hearings, the court found that the total offense level was 20. This adjustment to the USPO's recommendation was based on two principal findings. First, the court found that three prior civil judgments could not be counted as relevant conduct to her wire fraud and accordingly

2

reduced the loss attributed to Blackwell from $553,023.49 to $332,317.23. This change resulted in an eight-level increase to the base offense level instead of the recommended ten-level increase. See U.S.S.G., Ch. 2 Pt. F, § 1.1(b)(1) (2000).

The court found by a preponderance of the evidence that Blackwell had not accepted responsibility and was, therefore, not entitled to the recommended three-level reduction. See U.S.S.G., Ch. 3 Pt. E, § 1.1 (2000). The court based the decision on the tenor of Blackwell's sentencing hearing testimony that she was not guilty and Blackwell's testimony regarding Beavers' knowledge of the fraud. The court also adopted the USPO's recommendation of a two-level enhancement for obstruction of justice.

After making these changes, the total offense level of 20 and the criminal history category of II resulted in a guideline range of 37 – 46 months imprisonment. Finding a sentence within the guidelines to be reasonable, the court sentenced Blackwell to 42 months imprisonment and 3 years of supervised release for each count, to be served concurrently, restitution of $252,243.55, and a $200 special assessment. Judgment was entered on October 20, 2006. Blackwell filed a Notice of Appeal on October 24, 2006, and she reported to United States Penitentiary – Hazleton on December 8, 2006.

The Court of Appeals for the Fourth Circuit affirmed the judgment on December 12, 2007. Blackwell had appealed her enhancements for obstructing justice, abusing a position of trust, and failing to accept responsibility. The Fourth Circuit held that the record supported the enhancements applied at sentencing.

On December 10, 2007, Blackwell filed a F. R. Crim. P. Rule 33 Motion for New Trial which was dismissed as Rule 33 does not apply to sentences resulting from guilty pleas.

3

On February 19, 2008, Blackwell subsequently filed a timely § 2255 motion to vacate her sentence alleging that:

    A.    Her conviction was obtained with perjured evidence in violation of her due process;

    B.    Her conviction was obtained in violation of her Sixth Amendment right to a jury trial for facts for which she was neither indicted nor pled guilty; and

    C.    Trial counsel provided constitutionally ineffective assistance of counsel.

The government filed a motion to dismiss Blackwell's claims on July 1, 2008. The court sent Blackwell a notice the next day directing her to file a response within twenty days. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (holding pro se plaintiff is entitled to notice of possible summary judgment). On July 21, 2008, Blackwell filed a response in opposition to the motion to dismiss. Accordingly, respondent's motion to dismiss is now ripe for review.

## II.

After conviction and exhaustion, or waiver of any right to appeal, courts and the public can presume that defendants stand fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). But, § 2255 proceedings are not intended to serve the same functions as an appeal. United States v. Frady, 456 U.S. 152, 165

4

(1981). In order to move a court to vacate, set aside or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) her sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255 (2008).

A § 2255 petitioner is "entitled to an evidentiary hearing only to resolve disputed issues of material fact," which requires "a colorable claim to relief by showing that the alleged additional facts, if true, would at least arguably compel the granting of the writ." Poyner v. Murray, 964 F.2d 1404, 1422 (4th Cir. 1992) (internal quotation marks and citation omitted). Because § 2255 proceedings are civil actions, petitioners must establish their allegations by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965). Pro se petitioners are entitled to have their petitions construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, a hearing must be denied if the movant's allegations, when viewed against the record, do not state a claim for relief, United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988), or are so "palpably incredible" or "patently false or frivolous as to warrant summary dismissal." Blackledge v. Allison, 431 U.S. 63, 76 (1977) (internal citations omitted).

Generally, section 2255 petitioners who failed to raise a claim on direct appeal are barred from raising that claim on collateral review if a respondent raises the procedural default affirmative defense. See Sanchez-Llamas v. Oregon, 548 U.S. 331, 350-51 (2006); Bousley v. United States, 523 U.S. 614, 621 (1998). Petitioners are excused from default if they can

5

demonstrate both cause for not raising their claims on appeal and resulting prejudice.[1] Bousley, 523 U.S. at 622. The "existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). Petitioners must then demonstrate "that the error worked to [their] actual and substantial disadvantage, not merely that the error created a possibility of prejudice." Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (citing Murray v. Carrier, 477 U.S. 478, 494 (1986)) (internal quotation marks omitted).

## A.

Blackwell argues that her convictions were based on perjurious testimony from Beavers, who "caused the court to believe defendant was lying." However, Blackwell's conviction resulted from her knowing and voluntary guilty plea in September, 2005; Beavers did not testify until the following year at Blackwell's sentencing hearing. Therefore, this ground is meritless. However, in all of Blackwell's submissions to this court, she has consistently argued against the length of her sentence, not her innocence or guilt. Construing her pleading liberally, the court will consider Blackwell's claim as a challenge to her sentence, not her conviction, as being based on perjurious testimony resulting in her receiving an enhancement for obstruction of justice and not receiving a reduction for acceptance of responsibility.

Under either interpretation, Blackwell failed to raise this ground in her direct appeal to the Fourth Circuit Court of Appeals, and the United States has raised the affirmative defense of procedural default. Blackwell has failed to argue any exception to her procedural default in

---

[1] A failure to show cause and actual prejudice may be excused if the petitioner can show actual innocence of the crime. Sawyer v. Whitley, 505 U.S. 333, 339 (1992). However, Blackwell has never argued actual innocence.

6

either her memorandum in support of her § 2255 motion or in her response to the government's motion to dismiss and, thus, has not demonstrated cause or prejudice excusing her default. Accordingly, the court grants the respondent's motion to dismiss this claim.

B.

Blackwell also contends that her conviction was obtained in violation of her Sixth Amendment right to a jury determination of any facts for which she was neither indicted nor pled guilty. Blackwell specifically alleges that she was held responsible for losses attributable to Nova Corporation and the American Express Company through Beavers despite having never pleaded guilty to those losses.

Blackwell's conviction resulted from her knowing and voluntary guilty plea. During her plea colloquy, Blackwell acknowledged under oath that by pleading guilty she waived her right to a jury trial and she would be sentenced based on her guilty plea and Presentence Report. Blackwell also acknowledged that she waived her presumption of innocence and her right to challenge the government's evidence of guilt. However, all of Blackwell's factual statements and legal assertions for this ground concern provisions relating to her sentencing, not her guilt or innocence. Therefore, this court again construes her claim liberally to challenge her sentence allegedly obtained in violation of her Sixth Amendment right.

Again, however, Blackwell procedurally defaulted the claim when she failed to argue this ground in her direct appeal to the Fourth Circuit Court of Appeals. Because she has not demonstrated any exception to her procedural default, Blackwell cannot be excused for defaulting her second ground that her Sixth Amendment rights were violated. Therefore, the respondent's motion to dismiss this claim is also granted.

7

## C.

Blackwell also raises several independent grounds of ineffective counsel that allegedly resulted in the denial of her constitutional rights. Blackwell specifically alleges that her trial counsel:

1. Failed to present impeachment evidence and seek a deposition from a prior attorney;

2. Failed to interview Beavers before the second half of the sentencing hearings;

3. Failed to review the indictment with her;

4. Failed to request correction of dates in the indictment and consolidation of both indictment counts;

5. Failed to show her the Presentence Report's listing of attributed fraudulent losses and to permit her to argue incorrect loss calculations;

6. Failed to obtain copies of victims' claims for restitution, for which she did not plead guilty nor were listed in the indictment;

7. Failed to obtain evidence from American Express;

8. Failed to argue against the application of the abuse of trust sentencing enhancement;

9. Failed to address Blackwell's alien status and deportability; and

10. Failed to argue against the court making new findings of facts during sentencing on which she had not pleaded guilty nor been indicted.

After reviewing these claims, this court finds that Blackwell was not deprived of her constitutional right to effective counsel and, therefore, dismisses her claims.

Ineffective assistance of counsel claims are properly addressed upon § 2255 motions and generally cannot be raised on direct appeal unless counsel's ineffectiveness conclusively appears on the record. See Massaro v. United States, 538 U.S. 500, 504 (2003) (holding that

8

federal habeas petitioner may bring ineffective assistance claim in § 2255 proceedings whether or not he could have raised the claim on direct appeal).  To prove ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  If petitioners have not satisfied one prong of the <u>Strickland</u> test, courts do not need to inquire whether they have satisfied the other prong.  <u>Id.</u> at 697.

The first prong of <u>Strickland</u> requires petitioners to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  <u>Id.</u> at 687.  <u>Strickland</u> established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  <u>Id.</u> at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time."  <u>Id.</u>  "[E]ffective representation is not synonymous with errorless representation."  <u>Springer v. Collins</u>, 586 F.2d 329, 332 (4th Cir. 1978).

Second, petitioners must show "that the deficient performance prejudiced the defense" to the extent that they were deprived of fair proceedings.  <u>Id.</u> at 687.  For convictions obtained by guilty plea, counsel's deficient performance becomes prejudicial only if "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial."  <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).  This is an objective inquiry, <u>Hooper v. Garraghty</u>, 845 F.2d 471, 475 (4th Cir. 1988), and dependent on the likely outcome of a trial had the defendant not pleaded guilty,

9

Hill v. Lockhart, 474 U.S. 52, 59-60 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. However, an attorney's acts or omissions "that are not unconstitutional individually cannot be added together to create a constitutional violation." See Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998).

*1. Ineffective assistance of counsel for failing to present impeachment evidence and seek a deposition from a prior attorney*

Blackwell claims her trial counsel was ineffective for failing to present impeachment evidence to prove Beavers was lying, which she alleges would have resulted in her receiving a three–level reduction for acceptance of responsibility and not receiving a two level enhancement for obstruction of justice. Blackwell contends in a related ineffectiveness claim that her attorney should have asked for a deposition from Blackwell's bankruptcy counsel to certify the impeachment evidence. Assuming, arguendo, that counsel's performance was constitutionally deficient for this claim, Blackwell has not persuaded the court that any additional impeachment attempts beyond counsel's cross and re–cross examinations would have resulted in a reasonable probability that she would not have pleaded guilty or that a different outcome for applying the sentence enhancements would have resulted. Since Blackwell cannot successfully show prejudice for this claim, the court need not inquire into her counsel's performance.

The obstruction of justice enhancement applies when a defendant provides materially false information to a judge. U.S.S.G., Ch. 3 Pt. C, § 1.1, n.4(f) (2000). Material information means "evidence, fact, statement, or information that, if believed, would tend to influence or

Case 3:04-cr-00040-NKM-mfu   Document 175   Filed 10/03/08   Page 10 of 21   Pageid#: 1001

affect the issue under determination." Id. §1.1, n.6. See United States v. Gormley, 201 F.3d 290, 294 (4th Cir. 2000) ("the threshold for materiality is conspicuously low."). Receiving an obstruction of justice enhancement "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G., Ch. 3 Pt. E, § 1.1, n.4 (2000). The sentencing court has discretion to decide if the case is "extraordinary" to permit both enhancements to be applied to a defendant's sentencing because the "sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." Id. § 1.1, n.5.

Blackwell received her sentencing enhancements because, as this court stated at the time of sentencing, the whole tenor of Blackwell's sentencing hearing testimony was that she was not guilty. Blackwell testified at the first sentencing hearing that she did not take any of the money and that if she made a mistake in her business, it would be a mistake of "hundreds of thousands of dollars." (Sentencing Tr. 109:23-25, July 26, 2006.) When asked if she committed a crime, despite already pleading guilty, she stated that she was not taking the money personally but was just flowing money through her business, as if all legitimate businesses operated similarly. Id. at 119:8-20.

However, Blackwell's testimony was not supported by the evidence. At the second sentencing hearing, FBI Agent Collins testified how money Blackwell received into her business checking account was quickly spent on her personal expenses instead of paying for customers' travel costs. For example, from a $30,160 customer payment, $20,000 quickly was used to stave off foreclosure of her home. Id. at 47:5-21. From another $31,773 customer payment, over $21,000 was used to pay personal expenses. Id. at 49:8-20. From

11

another $29,400 customer payment, $14,000 went toward her mortgage expenses. Id. at 50:7-22. In light of the conflicting testimony, any additional attempts to impeach Beekman Beavers' testimony would not have overcome the stark differences in testimony between FBI Agent Collins and Blackwell's contention that she did not take money.

Beekman Beavers testified after Blackwell testified. During his testimony, Blackwell's counsel cross examined Beavers who reiterated that he did not know at the time of the fraud that any of the American Express charges were from Blackwell's fraudulent acts on her customers. Beavers indicated during both direct and cross examinations that he was unsure about the dates of his trips, and Blackwell's attorney explored that issue on both cross and re-cross examinations. But even if Beavers testified incorrectly about the exact dates of his trips, no evidence existed to refute Beavers' testimony that he did not know the credit cards were being used to perpetuate fraud on Blackwell's customers. No evidence existed on the record that Beavers was complicit with Blackwell's fraud at the time of the credit charges. Therefore, Beavers losses were included in Blackwell's restitution order and attributable losses because he experienced financial losses by Blackwell's fraudulent use of his accounts.

Blackwell does not contend that she would not have pleaded guilty to her crimes if not for her counsel's failure to present impeachment evidence. No objective evidence of the proceedings indicate that Blackwell would have withdrawn her guilty pleas and instead insisted on a trial. Therefore, Blackwell has not sufficiently demonstrated resulting prejudice under Strickland, and the court dismisses this claim.

12

*2. Ineffective assistance of counsel for failing to interview Beavers before the second half of the sentencing hearings*

Blackwell claims her counsel failed to interview Beavers before the second half of the sentencing proceedings to discover "Beavers would lie in court." However, any attempt by Blackwell's counsel to interview Beavers would not have erased any of Blackwell's testimony from the first sentencing hearing which created the grounds to add the obstruction of justice enhancement and to decline the acceptance of responsibility reduction. Furthermore, Beavers would not have been under any obligation to speak with Blackwell's attorney even if he had sought to interview Beavers. Therefore, the court dismisses this claim because Blackwell cannot show that trial counsel's performance fell below an objective standard or that she was actually prejudiced.

*3. Ineffective assistance of counsel for failing to review the indictment with Blackwell*

Blackwell claims that her attorney failed to review the indictment with her. In contrast to her instant allegation, Blackwell told the court, while under oath, that she had received a copy of the indictment and that she had ample time to review the indictment with her attorney. (Guilty Plea Tr. 3:8-16.) She also affirmed that she discussed the charges listed in the indictment with her attorney. Id. at 5:22-25. Furthermore, she waived the opportunity to have the indictment read to her. Id. at 3:8-16. Blackwell also stated that she was fully satisfied with her attorney's representation of her case. Id. at 4:8-11.

"[A]llegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th

13

Cir. 2005) (internal quotation marks omitted). "[A] district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 222. Since Blackwell's claim directly contradicts her sworn statements during the Rule 11 colloquy, the court dismisses this claim.

*4. Ineffective assistance of counsel for failing to request correction of dates in the indictment and consolidation of both indictment counts*

Blackwell argues that her trial counsel was ineffective because he did not ask the court to correct alleged dating errors in the indictment. Blackwell also argues she was prejudiced because her offense level increased by two for "scheming [,] and there is only one scheme."

Under the heading "The Scheme and Artifice" for count one, the indictment stated that "From in or about April 2000, to in or about August, 2001, Blackwell devised and intended to devise a scheme and artifice to defraud, and to obtain money or property by means of false or fraudulent pretenses, representations, or promises." Under the heading "The Wire Communication" for count one, the indictment listed eight specific dates for acts in violation of the law. For the second count, the indictment incorporated the dates of the scheme and artifice under count one, and the indictment included "On or about March 23, 2001," as the date of the second count's wire communication. Since the date specified in the indictment was not a substantive element of the crime, and because Blackwell was not prejudiced by the inclusion of any date, any variance in time may be disregarded because "the indictment . . . fairly [apprised] the defendant of the crimes with which [s]he was charged." Land v. United States, 177 F.2d 346, 348 (4th Cir. 1949); see United States v. Kimberlin, 18

14

F.3d 1156, 1158-59 (4th Cir. 1994) (stating strict chronological specificity or accuracy in an indictment is not required when a particular date is not a substantive element of the charged crime charged).

Counsel's failure to object to "two schemes" was not deficient performance because Blackwell received the two point increase for scheming to defraud more than one victim, not for two schemes. See U.S.S.G., Ch. 2 Pt. F, § 1.1(b)(2). Furthermore, Blackwell was not prejudiced by counsel's alleged failure to object because both counts of the indictment were grouped for sentencing purposes. See U.S.S.G., Ch. 3 Pt. D, § 1.2(d) (2000) (stating when counts should be grouped). Therefore, the court finds that it was not unreasonable for Blackwell's counsel to not contest the dates in the indictment or to ask to consolidate both counts, and thus, this claim is dismissed.

*5. Ineffective assistance of counsel for failing to show her the Presentence Report and to permit her to argue incorrect loss calculations*

Blackwell's next contention is that her counsel was ineffective for failing to show her the Presentence Report so that she could argue against the loss calculations. See U.S.S.G., Ch. 2 Pt. F, § 1.1(b)(1) (2000) (listing ranges of loss calculations). Blackwell also contends that she "has no idea how much fraud was attributed to Beavers and his merchant accounts." (Pet'r Mem. 28.)

During her sentencing hearing, Blackwell told the court that she had reviewed the Presentence Report with her attorney. (Sentencing Tr. 2:17-21, July 26, 2006.) Blackwell also told the court she received a copy of the indictment which listed nearly $70,000 worth of fraudulent charges. (Guilty Plea Tr. 3:8-16.) Blackwell had reviewed both the indictment

15

and the Presentence Report to the extent she successfully disputed the loss calculations. (Sentencing Tr. 2:17-21, July 26, 2006.) Blackwell's attorney disputed and persuaded the court during the sentencing hearings that $220,706.26 should not be included in the loss calculations. Moreover, Beavers' financial losses were listed in the Presentence Report, were extensively discussed on the first day of sentencing, and were recited by the court at the time of sentencing. Given these facts, Blackwell's assertion that she was not shown the Presentence Report by counsel hardly rings true. As such, the court dismisses this claim because Blackwell has failed to show that her counsel's performance was constitutionally deficient or that she suffered actual prejudice.

*6. Ineffective assistance of counsel for failing to obtain copies of victims' claims for restitution*

Blackwell contends that her counsel was ineffective for not contesting restitution amounts "for victims she did not plead guilty to and were not in her indictment." A victim warranting restitution includes "<u>any person</u> directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern" of criminal activity. 18 U.S.C. § 3663(a)(2) (2006) (emphasis added).

The Presentence Report listed all of the restitution owed to specific victims. Nothing in the record supports Blackwell's instant allegation that the amounts of restitution were not directly related to the monetary losses suffered by the victims of her criminal convictions. Furthermore, the proper mechanism for raising a claim that the court erred at sentencing for restitution payments is to challenge the sentence on direct appeal. <u>United States v. Henoud</u>, 81 F.3d 484, 487 (4th Cir. 1996). Blackwell did not raise this issue on direct appeal, nor does

she now allege any ineffectiveness of appellate counsel. Since Blackwell fails to show any deficient performance or that she would not have otherwise pled guilty, the court dismisses this claim.

*7. Ineffective assistance of counsel for failing to obtain evidence from American Express*

Blackwell contends that her counsel should have subpoenaed American Express for records that allegedly would prove Beavers permitted travel charges to be authorized on his account. Blackwell does not contend that these records would indicate that Beavers knew of the fraudulent use of the cards. Beavers consistently testified that he had authorized Blackwell to use his merchant and credit accounts for non-fraudulent travel related expenditures. Since this information would support, rather than contradict, Beavers' testimony, Blackwell's counsel made the strategic decision not to seek evidence to bolster Beavers' testimony. See Strickland, 466 U.S. at 689 (stating presumption counsel acts with sound trial strategy) (citing Michael v. Louisiana, 350 U.S. 91, 101 (1955)). Blackwell also does not contend that she would not have otherwise pled guilty. Therefore, Blackwell's counsel did not perform below any objective standard of reasonableness, and Blackwell has not demonstrated actual prejudice. Accordingly, the court dismisses this claim.

*8. Ineffective assistance of counsel for failing to argue against imposition of abuse of trust sentencing enhancement*

Blackwell cannot show that her counsel was constitutionally deficient by not arguing against the abuse of trust sentencing enhancement. The Fourth Circuit Court of Appeals held in Blackwell's direct appeal that the abuse of trust enhancement was properly included in her guideline calculations. United States v. Blackwell, 254 Fed. Appx. 228, 230 (4th Cir. 2007)

Case 3:04-cr-00040-NKM-mfu   Document 175   Filed 10/03/08   Page 17 of 21   Pageid#: 1008

(per curiam). This enhancement applied because "Blackwell had managerial discretion and unsupervised access to an extensive number of credit card accounts, which she used to commit and conceal her crimes." Id. Given the clear application of the enhancement to Blackwell's actions, her counsel's decision at that time to not argue against the enhancement, and thus further jeopardize her potential for acceptance of responsibility, did not fall below an objective standard of reasonableness. See Strickland, 466 U.S. at 689 (stating presumption counsel acts with sound trial strategy) (citing Michael, 350 U.S. at 101). Since Blackwell fails to demonstrate deficient performance or prejudice, the court also dismisses this claim.

*9. Ineffective assistance of counsel for failing to address Blackwell's alien status and deportability in sentencing*

Blackwell contends that she was denied a fair hearing because her counsel did not explain the collateral implications of her immigration status. She further alleges that she would not have pleaded guilty but for counsel's failure to discuss the consequences of her status. Blackwell cites United States v. Kwan, 407 F.3d 1005 (9th Cir. 2005), as support that an attorney's failure to advise about the consequences of immigration status is per se ineffective assistance of counsel. However, the Kwan court noted in its opinion that:

> [A]n attorney's failure to advise a client of the immigration consequences of a conviction, without more, does not constitute ineffective assistance of counsel under Strickland. United States v. Fry, 322 F.3d 1198, 1200 (9th Cir. 2003). However, Fry is not dispositive here, where counsel did not merely refrain from advising Kwan regarding the immigration consequences of his conviction, but, instead, responded to Kwan's specific inquiries regarding the immigration consequences of pleading guilty and purported to have the requisite expertise to advise Kwan on such matters.

18

Id. at 1015. Blackwell, however, never contends that she sought her counsel's advice on immigration consequences nor that her counsel held himself out as an expert on immigration issues. Therefore, <u>Kwan</u> is not dispositive.

In the Fourth Circuit, "an attorney's failure to advise a client that deportation may result from a conviction does not constitute ineffective assistance of counsel." <u>United States v. Yearwood</u>, 863 F.2d 6, 7-8 (4th Cir. 1988) (citing <u>United States v. Campbell</u>, 778 F.2d 764, 768 (11th Cir. 1985); <u>United States v. Gavilan</u>, 761 F.2d 226, 228 (5th Cir. 1985); <u>United States v. Santelises</u>, 509 F2d 703, 704 (2d Cir. 1975)). Therefore, her counsel was not unconstitutionally ineffective even if he failed to discuss the collateral implications of the conviction on her immigration status.

Blackwell also contends that her attorney should have asked the court for a downward departure from her guideline sentence because she is a resident alien and not permitted to serve her sentence at a camp. Departures away from the applicable guideline range are within the discretion of a sentencing court when an infrequent, atypical situation takes the case out of the heartland of cases. U.S.S.G., Ch. 5 Pt. K, §2.0 (2000); <u>United States v. DeBeir</u>, 186 F.3d 561, 566-67 (4th Cir. 1999). However, a majority of courts have held that defendants are not entitled by right to a downward departure based on their immigration status or deportability.[2] Even if Blackwell's attorney had argued for a reduced sentence based on her status, this court had the sole discretion to make that decision. <u>See</u> U.S.S.G., Ch. 5 Pt. K, §2.0 (2000) ("The decision as to whether and to what extent departure is warranted rests with the

---

[2] <u>See</u>, <u>e.g.</u>, <u>United States v. DeBeir</u>, 186 F.3d 561, 569-70 (4th Cir. 1999); <u>United States v. Prince</u>, 110 F.3d 921, 926 (2d Cir. 1997); <u>United States v. Veloza</u>, 83 F.3d 380 (11th Cir. 1996) (rev'd on other grounds); <u>United States v. Restrepo</u>, 999 F.2d 640 (2d Cir. 1993); <u>Villegas v. United States</u>, 2006 U.S. Dist. LEXIS 34730, at *9-10 (W.D. Va. 2006); <u>United States v. Astacio</u>, 14 F. Supp. 2d 816, 820 (E.D. Va. 1998).

sentencing court on a case-specific basis."). Since Blackwell cannot establish that she was entitled by right to a downward departure based on her alien status, she also cannot establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Therefore, the court dismisses this claim.

*10. Claim counsel failed to argue against the court making new findings of facts during sentencing on which she had not pleaded guilty nor been indicted*

Blackwell contends that her counsel was also ineffective when he failed to argue that Blackwell had a constitutional right to a jury trial for new facts determined at her sentencing hearing. Blackwell cannot show that her counsel's performance was deficient for not arguing this position. The law is well settled that a sentencing court is permitted to make factual findings by a preponderance of the evidence if, after relying on the new facts, the sentence is within the statutory maximum. See United States v. Booker, 543 U.S. 220, 242 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt"); United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) (same); United States v. Evans, 416 F.3d 298, 300 (4th Cir. 2005) (same); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (same).

The sentence in this case reflects a proper exercise of judicial discretion under the guidelines. Blackwell was charged with two counts of wire fraud, 18 U.S.C. § 1343, which carried a maximum sentence of 20 years per count. However, the court sentenced Blackwell within the guidelines to less than four years for both counts. Therefore, Blackwell cannot show

20

deficient performance under <u>Strickland</u> because her counsel did not argue the erroneous proposition that the sentencing court violated her Sixth Amendment rights.

III.

For the foregoing reasons, the court grants the United States' motion to dismiss Blackwell's § 2255 motion.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the parties.

**ENTER**: This ___3rd___ day of October, 2008.

_Norman C. Moon_____
United States District Judge